UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNE BUU LIN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JAVIER CAVAZOS, Warden,<br><br>　　　　　Respondent. | Case No. CV 11-4200-JEM<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

### **PROCEEDINGS**

On May 9, 2011, Dianne Buu Lin ("Petitioner") lodged a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition"), which was filed in this Court on May 17, 2011.[1] On September 28, 2011, Respondent filed a Motion to Dismiss. On October 20, 2011, Petitioner filed an Opposition. On October 26, 2011, Respondent filed a Reply. The matter is

---

[1] Under the "mailbox rule," a prisoner's pleading is deemed filed at the moment it is delivered to prison officials for mailing if the prisoner is proceeding pro se and if the petition is delivered to prison authorities within the limitations period. Houston v. Lack, 487 U.S. 266, 270, 276 (1988); see also Miles v. Prunty, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999) (extending the "mailbox rule" to habeas petitions filed under AEDPA). As set forth below, with the exception of her 2005 state court habeas petition, Petitioner did not deliver any of her habeas petitions to prison officials for mailing within the limitations period. Accordingly, she cannot benefit from the mailbox rule as to those petitions.

now ready for decision. For the reasons set forth below, the Court grants Respondent's Motion to Dismiss the Petition.

## **BACKGROUND**

On January 11, 2005, in Los Angeles County Superior Court, Petitioner pleaded no contest to one count of second degree murder (Cal. Penal Code § 187(a)). She was sentenced to state prison for a term of 15 years to life. (Pet. at 2-3; Respondent's Lodged Documents ("LD") 1 & 2.) Petitioner did not file a direct appeal.

On June 9, 2005, Petitioner constructively filed a letter in Los Angeles County Superior Court, claiming that she was not competent at the time she entered her plea and that she received ineffective assistance of counsel. Petitioner requested to change her plea to "guilty on insanity" without making a court appearance and sought a transfer to Patton State Hospital. (LD 3; see LD 4.) On August 1, 2005, the letter was construed as a habeas petition and denied. (LD 4.)

Thereafter, Petitioner submitted an undated letter to the Superior Court, again claiming that she was incompetent at the time she entered her plea and had received ineffective assistance of counsel. Petitioner again requested that she be "resentenced to Patton State Hospital." (LD 5.) Petitioner has failed to establish when the letter was submitted to the Superior Court. Her request was denied on October 29, 2009. (LD 6.)

On March 23, 2010, Petitioner filed a petition for modification/recall of sentence in the Superior Court. (LD 7.) Petitioner requested that her sentence be recalled based on ineffective assistance of counsel and mental incompetence. Ultimately, Petitioner did not ask to withdraw her plea, but again asked the trial court to order her to be transferred to "a mental facility, preferably at Patton State Hospital." (Id.) On March 29, 2010, the Superior Court received another letter from Petitioner reiterating the request in her petition that she be housed in "a state mental hospital, preferably at Patton State Hospital." (LD 8.) There is no indication when the petition for modification/recall of sentence was denied.

On March 26, 2010, Petitioner mailed a letter to the Superior Court requesting that she be resentenced and "ordered to Patton State Hospital." (LD 9.)

On April 27, 2010, Petitioner filed a habeas petition in the Superior Court. (LD 10.) The petition was denied on September 29, 2010. (LD 11.)

On November 9, 2010, Petitioner filed a habeas petition in the California Court of Appeal (LD 12), which was denied on January 27, 2011. (LD 13.)

On March 11, 2011, Petitioner filed a habeas petition in the California Supreme Court (LD 14), which was denied on April 20, 2011. (LD 15.)

Petitioner lodged the instant Petition on May 9, 2011.

## **PETITIONER'S CLAIMS**

1. The trial court's recommendation that Petitioner be housed at a medical facility has not been carried out, violating Petitioner's Fourteenth Amendment due process rights. (Pet. at 5, Exh. C at 1-2.)

2. The failure to be housed at a medical facility pursuant to the trial court's recommendation violated the terms of Petitioner's plea agreement. (Pet. at 5, Exh. C at 1-2.)

3. Petitioner's plea was invalid because she was not mentally competent at the time she entered her plea. (Pet. at 5-6, Exh. C at 3.)

4. Petitioner was unlawfully denied mental health expert witnesses at the time she entered her plea. (Pet. at 6, Exh. D.)

5. The trial court erred in failing to order a competency hearing. (Pet. at 6, Exhs. G & H.)

6. Petitioner has been denied adequate mental health care at a mental health facility, in violation of the Eighth Amendment. (Pet. at 7, Exh. I.)

7. Petitioner's right to equal protection has been violated in connection with her request for placement in a mental health facility. (Pet. at 7.)

## **DISCUSSION**

**I.    Grounds One, Six, and Seven Challenge the Conditions of Confinement and Are Not Cognizable on Habeas Review**

In Ground One, Petitioner claims that she was denied due process by the failure to place her in a "medical facility." In Ground Six, Petitioner claims that she was denied adequate

1  mental health care, in violation of the Eighth Amendment.  In Ground Seven, Petitioner claims
2  that she was denied equal protection in connection with her request for placement in a mental
3  health facility.  These claims are not cognizable on federal habeas review because they
4  challenge the conditions of confinement, rather than the fact or duration of confinement.

5       A district court will entertain a habeas petition "in behalf of a person in custody pursuant
6  to the judgment of a State court only on the ground that he is in custody in violation of the
7  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "'Federal law
8  opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas
9  corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . . , 42 U.S.C. § 1983.
10  Challenges to the validity of any confinement or to particulars affecting its duration are the
11  province of habeas corpus.'" Hill v. McDonough, 547 U.S. 574, 579 (2006) (quoting
12  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)).  "Traditionally, challenges to
13  prison conditions have been cognizable only via § 1983 while challenges implicating the fact or
14  duration of confinement must be brought through a habeas petition." Docken v. Chase, 393
15  F.3d 1024, 1026 (9th Cir. 2004); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (a
16  civil rights action under § 1983 "is a proper remedy for a state prisoner who is making a
17  constitutional challenge to the conditions of his prison life, but not to the fact or length of his
18  custody"); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner should challenge "legality
19  or duration" of confinement in habeas corpus proceeding and challenge conditions of
20  confinement in civil rights action).

21       If Petitioner were to prevail on Grounds One, Six, and Seven, she would be placed in a
22  different facility.  The fact or duration of her confinement would not be affected.  Accordingly,
23  these claims are not cognizable on federal habeas review.

24  **II.    Petitioner's Habeas Claims Are Barred By the Statute of Limitations**
25       To the extent that Petitioner's claims are cognizable on habeas review, they are
26  untimely.

27
28

**A. The Applicable Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. § 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Most federal habeas petitions challenging state court convictions are governed by 28 U.S.C. § 2244(d)(1)(A), which allows a petitioner one year from the date her conviction becomes final to file her federal habeas petition. There is nothing before the Court to indicate that 28 U.S.C. § 2244(d)(1)(B)-(D) would apply and trigger a later start date for the limitations period.

Petitioner did not file a direct appeal. Accordingly, the judgment became final on March 12, 2005, sixty days after sentencing, when her time to appeal expired. See Cal. R. Ct.

30.1(a); Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (state conviction and sentence become final when availability of direct appeal has been exhausted). Pursuant to § 2244(d)(1)(A), the statute of limitations began to run the next day and was set to expire one year later, on March 12, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

The Petition was lodged May 9, 2011, more than five years after the statute of limitations was set to expire. Absent sufficient tolling, Petitioner's habeas claims are untimely.

**B.     Tolling**

Petitioner has the burden of demonstrating that she is eligible for statutory or equitable tolling of the statute of limitations. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (overruled on other grounds by Pace); Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993). For the reasons discussed below, the Court finds that Petitioner has not met her burden of showing that she is entitled to adequate tolling, and her habeas claims are untimely.

**1.     Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review." The statute of limitations is not tolled between the time the petitioner's conviction becomes final on direct review and the time the next state collateral challenge is filed because there is no case "pending" during that time. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). A petitioner also is not entitled to statutory tolling for a state court petition that is filed after the one-year limitations period already has expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after the AEDPA statute of limitations had expired "resulted in an absolute time bar").

Petitioner's conviction became final on March 12, 2005. She constructively filed her first habeas petition in the Los Angeles County Superior Court on June 9, 2005. At that time, 89 days of the limitations period had elapsed and 276 days remained. Petitioner argues that she

is entitled to continuous statutory tolling until her last habeas petition was denied by the California Supreme Court on April 20, 2011. Her argument is without merit.

In the absence of undue delay, the statute of limitations is normally tolled for "one full round" of collateral review in state court. Carey v. Saffold, 536 U.S. 214, 220-22 (2002); Welch v. Carey, 350 F.3d 1079, 1082 (9th Cir. 1999). "One full round" for a California state prisoner generally means that the statute of limitations is tolled from the time the petitioner files his first state habeas petition in a lower court, during the "intervals between a lower court decision and a filing of a new petition in a higher court," until the higher court rejects the final collateral challenge in that series of petitions. Saffold, 536 U.S. at 219-20, 223; see also Nino, 183 F.3d at 1006. However, the statute of limitations is tolled for the interval between state petitions ("gap tolling") only if the subsequent state petition is filed within a "reasonable time" after the prior state petition was denied. Saffold, 536 U.S. at 225; Evans v. Chavis, 546 U.S. 189, 197 (2006) (citing Saffold).

"In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term 'reasonable time' in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, . . . the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Chavis, 546 U.S. at 198. "Until the California Supreme Court indicates otherwise, we 'operate[] on the assumption that California law . . . [does] not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard [does] not lead to filing delays substantially longer than those in States with determinate timeliness rules.'" Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (quoting Chavis, 546 U.S. at 198).[2]

Here, Petitioner's first letter to the Superior Court, which was construed as a habeas petition, was constructively filed June 9, 2005, and denied less than two months later, on

---

[2] Although the Ninth Circuit certified to the California Supreme Court the question of when a state habeas petition is timely filed, the California Supreme Court denied certification. Chaffer v. Prosper, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010).

August 1, 2005. (LD 3, 4.) Petitioner's second letter request to the Superior Court is undated, but was denied October 29, 2009. (LD 5, 6.) It is Petitioner's burden to establish her entitlement to tolling. See Pace, 544 U.S. at 418; Smith, 297 F.3d at 814; Hinton, 5 F.3d at 395. However, she has failed to provide any facts indicating that her second letter request was filed within a "reasonable time" and before the limitations period expired. Rather, it is unlikely that the second letter request was timely, given that it was denied October 29, 2009, more than four years after the prior denial order. Even giving Petitioner the benefit of the doubt and assuming that she filed the letter a full year before it was denied, the three-year delay would be unreasonable and it would not have been filed within the limitations period.

Moreover, Petitioner is not entitled to gap tolling for the periods between her six Superior Court petitions because they were filed successively in the same court, and each filing commenced a new round of collateral review. See Delhomme v. Ramirez, 340 F.3d 817, 820-21 (9th Cir. 2003) (abrogated on other grounds as recognized by Waldrip v. Hall, 548 F.3d 729, 733 (9th Cir. 2008)) ("[A] petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another. . . . [E]ach time a petitioner files a new habeas petition at the same or a lower level . . . the subsequent petition . . . triggers an entirely separate round of review. . . . A round of collateral review may begin at any level, or even skip levels."); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (finding that petitioner "kicked off a new round of collateral review" when he filed a non-ascending petition in the superior court and was "no longer pursuing his application for habeas relief up the ladder of the state court system"); see also Saffold, 536 U.S. at 223 (an application for post conviction relief is pending during the "intervals between a lower court decision and a filing of a new petition in a higher court").

Thus, the statute of limitations was tolled from June 9, 2005, until August 1, 2005, during the pendency of the first Superior Court petition, and it expired 276 days later, on May 4, 2006. There was no "gap tolling" between the Superior Court petitions. All of Petitioner's later state filings were untimely and could not reinitiate the limitations period. See Ferguson, 321 F.3d at 823. Absent equitable tolling, the Petition was untimely by more than five years.

## 2. Equitable Tolling

A petitioner is entitled to equitable tolling of the statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). A petitioner is required to have acted with "reasonable diligence," rather than "maximum feasible diligence." Id. at 2565. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner must show that the alleged "extraordinary circumstances" were the "'cause of [the] untimeliness.'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (brackets in original; quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citations and internal quotations omitted). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003)).

Here, Petitioner appears to argue that she is entitled to equitable tolling because her significant mental impairments prevented her from pursuing her claims within the limitations period. Mental illness can, in certain circumstances, rise to the level of an "extraordinary circumstance" beyond a petitioner's control that warrants equitable tolling. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). A petitioner must show that the alleged mental incompetence "in fact" caused her to fail to file a timely habeas petition. Id. at 923.

In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit considered when a petitioner's mental condition may constitute an extraordinary circumstance justifying equitable tolling of the untimely filing of a habeas petition. In Bills, the Ninth Circuit set forth a two-part test to determine a petitioner's eligibility for equitable tolling due to mental impairment:

(1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, [citation], by demonstrating the impairment was so severe that either

    (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

    (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. [Citation.]

Id. at 1099–1100.

Here, the relevant period is between March 12, 2005, when the one-year limitations period began, and May 9, 2011, when the instant Petition was lodged. See Laws, 351 F.3d at 932 (9th Cir. 2009) ("After a hearing, Laws was adjudicated competent to stand trial in 1993, notwithstanding evidence of serious mental illness. But that determination has little bearing on his competence vel non during the period 1996–2000"—i.e., "the years when his petitions should have been filed.")

The Court has reviewed the relevant records submitted by Petitioner. The records reflect that Petitioner was placed at the Enhanced Outpatient ("EOP") level of care at Central California Women's Facility, consisting of approximately 15 hours of psychological and psychiatric care weekly. (Pet., Exh. A at 3.)

In April 2005, Petitioner was "noted to be showing an increase in auditory hallucinations," but was refusing medication. (Pet., Exh. A at 3.) On May 14, 2005, Petitioner "was noted to be agitated and distressed." (Id.) There is no indication that Petitioner received psychiatric hospitalization or crisis intervention. (Id.) On July 21, 2005, Petitioner's "psychotropic medication being used in part for calming" was increased because she reported difficulty sleeping. (Pet., Exh. A at 2-3.) On August 3, 2005, a staff psychologist noted that

Petitioner "was shy and reserved but she was doing well in group coping skills group [sic] and 'ha[d] made excellent progress.'" (Id. at 2.)

During this same approximate period, Petitioner constructively filed her first habeas petition in the Superior Court on June 9, 2005. (LD 3.) She also appealed her placement at EOP instead of Patton State Hospital by filing administrative grievances on September 9, 2005, November 15, 2005, and January 23, 2006. (Pet., Exh. A at 3.)

The October 2007 psychological evaluation sets forth a diagnostic impression of major depressive disorder, recurrent, severe with psychotic features. Petitioner was found to be suffering from ongoing hallucinations, morbid and suicidal thinking, and depression. The psychologist recommended additional psychiatric and neurological testing and a higher level of mental health care. (Pet., Exh. A.) Petitioner's treatment notes from April through October 2010 generally indicate a stable mental health condition characterized by tangential thought process, auditory hallucinations, major depression with psychotic features, and other minimal impairments. (Pet., Exh. M.) During the same approximate period, from sometime in 2009 through early 2011, Petitioner filed several habeas petitions in the state courts.

Having reviewed the records regarding Petitioner's mental condition, the Court concludes that Petitioner's mental health issues did not make it impossible for her to file a timely federal petition. Rather, the records reflect that Petitioner was able to make rational choices and appreciate her legal position. She pursued administrative remedies regarding her placement in EOP in September 2005, November 2005, and January 2006. She submitted her first habeas petition to the Superior Court in June 2005, within two months of her conviction becoming final, and filed several subsequent habeas petitions from approximately 2009 through 2011. Although Petitioner suffered from mental health impairments during the relevant period, she has not carried her burden to show that her mental illness was so severe that she was unable to pursue her state remedies or file her Petition in a timely manner. She

also has failed to show diligence in pursuing her claims. Thus, having considered the totality of the circumstances, the Court concludes that Petitioner is not entitled to equitable tolling.

### C. Conclusion

Petitioner's conviction became final on March 12, 2005, and the statute of limitations began to run the next day. When Petitioner constructively filed her first state habeas petition on June 9, 2005, 89 days of the limitations period had elapsed. The limitations period was tolled until the petition was denied on August 1, 2005. It expired 276 days later, on May 4, 2006. The Petition was lodged on May 9, 2011, more than five years after the limitations period expired. Petitioner has not met her heavy burden of establishing that she is entitled to equitable tolling. Accordingly, Petitioner's habeas claims are untimely.

## **ORDER**

IT IS HEREBY ORDERED that Respondent's Motion to Dismiss be granted and that Judgment be entered dismissing this action with prejudice.

DATED: November 7, 2011                    */s/ John E. McDermott*
                                                                    JOHN E. MCDERMOTT
                                                    UNITED STATES MAGISTRATE JUDGE